UNITED STATES DISTRICT COURT District of Massachusetts

Taquan Skeen
19 Wales St Apt 1
Dorchester, MA 02124, Plaintiff (Pro Se)
Email: Taquan13@gmail.com
v.

Fifth Third Bank, Experian Information Solutions Inc.

Equifax Information Services LLC TransUnion LLC Defendants —— COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ——

I. PARTIES

Plaintiff Taquan Skeen is a natural person and consumer residing in Massachusetts.

Defendant Fifth Third Bank is a furnisher of credit information under 15 USC §1681s-2.

Defendants Experian, Equifax, and TransUnion are consumer reporting agencies under 15 USC §1681a(f).

———

II. JURISDICTION AND VENUE

Jurisdiction arises under 28 USC §1331 and the Fair Credit Reporting Act. Venue is proper because Defendants transact business in Massachusetts and Plaintiff resides here.

———

III. FACTUAL ALLEGATIONS

Plaintiff opened an installment loan with Fifth Third Bank on November 19 2024. The account was charged-off October 31 2025 with a written-off principal of approximately $27,749.98 supported by payment history documentation.

Despite the charge-off status, Defendants reported inaccurate information including:

• reporting an ongoing balance inconsistent with written-off amount

• reporting past-due amounts after charge-off

• adding late marks after charge-off

• reporting conflicting repossession and charge-off status codes

• reporting inconsistent dates suggesting re-aging

Plaintiff disputed these inaccuracies with the CRAs and submitted a CFPB complaint on December 1 2025.

The furnisher investigated and refused correction while acknowledging the charge-off status.

CRAs continued reporting inaccurate information following notice.

Plaintiff suffered credit denials, increased cost of credit, reputational harm, and emotional distress.

---

IV. CAUSES OF ACTION

Count I – Furnisher Failure to Investigate 15 USC §1681s-2(b) Fifth Third Bank failed to conduct a reasonable investigation and verified inaccurate data.

–– Count II – CRA Failure to Reinvestigate 15 USC §1681i CRAs failed to conduct reasonable reinvestigation after disputes.

–– Count III – Failure to Assure Maximum Accuracy 15 USC §1681e(b) CRAs maintained inaccurate reporting despite contradictions.

–– Count IV – Willful Noncompliance 15 USC §1681n Defendants knowingly disregarded statutory duties.

–– Count V – Negligent Noncompliance 15 USC §1681o Defendants negligently failed to comply with FCRA obligations.

–– Count VI – Massachusetts Chapter 93A (Furnisher) Furnisher engaged in unfair and deceptive practices by furnishing inaccurate information after notice.

---

V. DAMAGES

Plaintiff suffered:

- denial of credit opportunities
- higher interest rates
- loss of housing and financing opportunities
- emotional distress
- reputational harm

Plaintiff seeks:

- statutory damages up to $1,000 per violation
- actual damages
- punitive damages
- attorney fees and costs
- injunctive relief
- any other relief deemed proper ––

VI. JURY DEMAND

Plaintiff demands trial by jury. ––

VII. EXHIBITS (based on your uploads) Exhibit A Furnisher final response confirming charge-off Exhibit B CFPB complaint and allegations Exhibit C Payment history showing charge-off and written-off amount Exhibit D Payoff letter showing payoff vs principal discrepancy